58,642-06

EX PARTE

MICHEAL RALSTON

§   IN THE HONORABLE

§

§   COURT OF CRIMINAL APPEALS

§

§   AUSTIN, TEXAS

APPLICANT'S REPLY TO STATE'S RESPONSE AND MEMORANDUM
FOR APPLICANT'S APPLICATION FOR WRIT OF HABEAAS CORPUS

**COMES NOW**, MICHEAL RALSTON, "Applicant", Pro-se and files this his REPLY TO STATE'S RESPONSE AND MEMORANDUM FOR APPLICANT'S APPLICATION FOR WRIT OF HABEAS CORPUS. Applicant respectfully requests this Honorable Court to take these facts into consideration, as well as the other merits in Applicant's application for habeas corpus. In support of this request Applicant shows the following:

## I.
### CONDITION OF CONFINEMENT

1. Applicant was arrested by Brown county, made bond then later rearrested by Brown county. the conditions of these two arrests, such as the open denial of Miranda and illegal search and seizure effecty both the Brown county and tarrant County convictions. This shows that the issues addressed have a direct bearing on Applicant's condition of confinement due to Brown county making this illegal arrest and volunterally surrendering Applicant to Tarrant County under this illegal arrest.

2. Applicant has never been released from state custody at any point in time as a result of this illegal arrest.

3. At no time has Applicant recieved any notice from Brown County showing successful completion of the 5 year sentence, formal or otherwise, showing that Brown county has never formally discharged the conviction as completed.

4. The reason for restraint or confinement is not limited to the conviction at and or even a conviction to began with. Habeas relief is available for anyone in anyway restrained of his liberty. See, **Gibson v. State**, 921 S.W.2d 747, 753 (Tex.app.-El Paso, 1996, writ denied)(Holding: article 11.01 descrribes the writ as a remedy to be used when 'any person', not just a person accused or convicted of a crime, is restrained in his liberty").

5. Applicant now shows he has clearly shown his burden of proof of his restraint with verification of conviction and confinement with the "Offender Infomation Details" exhibit submitted by the state in their reply.

6. this shows that further the state's arguement regarding Applicant's condition

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 05 2015

Abel Acosta, Clerk

of confinement is moot due to his confinement is not required to come from the conviction challenged. Just the fact he has never left confinement since this arrest and conviction are enough to overrule this point.

## II.
## INNEFFECTIVE ASSISTANCE OF COUNSEL.

7. This matter will be addressed in response to affidavit and response filed filed by defense attorney Ken Gordon.

## III.
## MIRANDA

8. Applicant now argues that the states shows that Miranda should not be considered for first time on habeas corpus. Instead the state claims Applicant should have addressed this issue on appeal.

9. Applicant now shows that Applicant was not permitted to file an appeal in this case due to plea deal. In addition record will show applicant was only informed he could not appeal. At no time was he notified this could not be addressed ata later time, even after Defense attorney was made aware of the denial of Miranda. compound this with the fact that Brown county has no law library for inamtes shows that Applicant had no means to research this matter on his own. Then neither the trial judge nor trial counsel advised applicant of this or any other rights beyond right to appeal being lost as a result of plea deal.

10. Applicant shows state claim that Miranda should not be addressed. Applicant now assert that the law does not say it can not be addressed. Factor in again Brown county's lack of law library for research and lack of notification of this denial by both trial counsel and trial judge should show cause to qualify as substantial reason to allow the matters of denial of miranda to be addressed, expecially since it was openly admitted by the arresting officers on record.

11. denail of any constitutionally protected rights, such as miranda, speedy trial, double jeopardy and suffient evidence, without proper notification and understanding of the consequences is an absolute miscarriage of justice. Had applicant be informed of all of the rights that would be lost beyond solely the right to appeal, applicant never would have agreed to the deal.

## IV.
## PROTECTION FROM ILLEGAL SEARCH AD SEIZURE

11. The state did not contest this claim.

## V.
### PROTECTION FROM DOUBLE JEOPARDY

12. The state did not contest this claim.

## VI.
### RULES OF EVIDENCE, RULE 901

13. the State did not contest this claim.

## VII.
### SPEEDY TRIAL

14. The state did not contest this claim.

### Conclusion

15. When one takes the time to look and see that the states claims here truly have no bearing on Applicant's confinement and their request to deny the issue of miranda that Applicant was not advised he should not be able to hear later would amount to complete disregard of justice. This would mean that people's constitutionally protected rights mean nothing because they are being manipulated into signing away rights they were never made aware that they were signing away. If this is allowed to happen then it is the same as telling the people that both the U.S. constitution and state constitution mean nothing and the state can ignore each of those as they see fit.

Respectfully Submitted,

_Micheal Ralston_

### VERIFICATION

I, MICHEAL RALSTON, TDCJ #1219556., being currently incarcerated at the French M. Robertson Unit, in Jones county, located at 12071 F.M. 3522, Abilene Texas, 79601, declare under penalty of perjury that the above and forgoing APPLICANT'S REPLY TO StAtE'S RESPONSE AND MEMORANDUM FOR APPLICANT'S aPPLICATION ID TRUE AND CORRECT.

EXECUTED THIS THE ___2___ day of _Febuary_ , 2015.

_Micheal Ralston_

### CERTIFICATE OF SERVICE

I, MICHEAL RALSTON, TDCJ#1219556, do hereby certify that a true and correct copy of the forgoing and above reply has been served on Elisha Bird, assistant District Attorney, 200 South Broadway, suite 323, 3rd floor, Brownwood, Texas 76801, via first class mail, postage prepaid on this the ___2___ day of _Febuary_ 2015.

_Micheal Ralston_

CAUSE NO. 16,547-A

EX PARTE                              §   IN THE HONORABLE
                                      §
MICHEAL RALSTON                       §   COURT OF CRIMINAL APPEALS
                                      §
                                      §   AUSTIN, TEXAS

APPLICANT'S MOTION FOR APPOINTMENT OF COUNSEL UNDER
TEXAS CODE OF CRIMINAL PROCEDURE 11.07

TO THE HONORABLE JUDGE OF SAID COURT OF APPEALS;

COMES NOW, MICHEAL RALSTON, APPLICANT" Pro Se and requests THE APPOINTMENT OF COUNSEL to assist in hearings performed pertaining to applicants writ of habeas corpus, pursuant to texas code of criminal Procedure Article 11.07 and would further show the Court:

## I.
## JURISDICTION

This Honorable court has both exclusive and continuing jurisdiction over the parties and subject matter in controversy in the above-styled and numbered cause, pursuant to Texas Code of Crimal Procedures Article 11.07.

## II.
## FACTS IN SUPPORT OF THIS MOTION

Applicant filed his habeas corpus into the trial court challangeing his 5 year conviction obtained through plea deal in 2004. Applicant showed that he has never left state custody due to seperte conviction.

The state filed a reply to applicant's application for writ of habeas corpus and the order was signed submitting both to the court of Appeals. In said order by trial judge Steven Ellis states that if Applicant is found to be indigent the court would appoint counsel to assist applicant during hearing in this matter.

## III.
## APPOINTMENT OF COUNSEL

Applicant wished to submit this motion (and required Affidavit) pursuant to Texas Code of Criminal Procedures, Article 11.07. The Applicant is still indigent and Affidavit of Indigency is included. Applicant now respectfully request the appointment of counself for this matter.

## IV.
## PRO SE SUBMISSIONS

Pro Se submissions should be read liberally by this most Honorable court

and held "to less stringent standards then formal pleadings drafted by lawyers". see, e.g., **Houghes v. Rowe**, 449 U.S. 5,9 (19080); **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972).

## V.
## PRAYER

WHEREFORE PREMISES CONSIDERED, Applicant now respectfully prays this most Honorable court would appoint him counsel under the provisions of Article 11.07, Texas Code of criminal Procedure.

## VI.
## VERIFICATION

I, MICHEAL RALSTON, TDCJ #1219556, being presently incarcerated in the French M. robertson Unit, in Jones county, located at 12071 F.M. 3522, abilene Texas, 79601, declare under penalty of perjury that the above and forgoing APPLICANT'S MOTION FOR APPOINTMENT OF COUNSEL UNDER TEXAS CODE OF CRIMINAL PROCEDURE 11.07 is true and correct.

EXECUTED THIS THE _2nd_ day of _February_ , 2015.

MICHEAL RALSTON

## VII.
## CERTIFICATE OF SERVICE

I, MICHEAL RALSTON, TDCJ #1219556, do hereby certify that a true and correct copy of the forgoing and above MOTION has been served on ELISHA BIRD, Assistant District Attorney, 200 South Broadway, suite 323, 3rd floor, Brownwood, texas 76801, via first class mail, postage prepaid on this the _____ _2nd_ day of _February_ , 2015.

MICHEAL RALSTON

CAUSE NO. 16,547-A

EX PARTE                           §    IN THE HONORABLE
                                   §
MICHEAL RALSTON                    §    COURT OF CRIMINAL APPEALS
                                   §
                                   §    AUSTIN TEXAS

### ORDER APPOINTING ATTORNEY

CAME ON THIS DAY FOR CONSIDERATION, the Applicant's MOTION FOR APPOJNTMENT OF COUNSEL UNDER TEXAs CODE OF CRIMINAL PROCEDURE 11.07. The court has reviewed the MOTION and AFFIDAVIT OF INDIGENCY in this matter and it is hereby:

ORDERED that an attorney shall be appointed to represent Applicant pursuant to Article 11.07, Texas Code of Criminal Procedures. Accordingly, the following attorney is hereby APPOINTED and INSTRUCTED to contact his/her client regarding this matter:

_____Address:_____

IT IS FURTHER ORDERED that a copy of this order shall be sent to the Applicant by the Clerk of this Court on the same day this ORDER is signed and dated by the Court.

IT IS SO ORDERED.


_____     _____
JUDGE PRESIDING          DATE

EX PARTE                  §    IN THE HONORABLE

                               §

MICHEAL RALSTON        §    COURT OF CRIMINAL APPEALS

                               §

                               §    AUSTIN, TEXAS

## AFFIDAVIT OF INABILITY TO PAY COSTS

STATE OF TEXAS                   §

COUNTY OF JONES                §

"I am unable to pay court costs. I understand that I can be held criminally responcible if I lie in this statement. This statement is true and correct. My income, resources and expenses are set out in the schedule below:"

**MONTHLY INCOME**
A) Public Assistance              0
B) Public Benifit                 0
C) Net Employment               0
D) Other Income-VA disability     $64.50/Month

Number of Dependants:1

**PROPERTY**
cars and trucks: n/a
checking and/or savings accounts: n/a
cash: 0
Other properties: n/a

**MONTHLY EXPENSES**
rent/Morgage:                    0
car payment                    0
transportation                0
Insurance                     0
clothing/Laundry             0
food                           0
child care                    0
Medical/dental         $100/ year
Utilities                      0
Other                        0

TOTAL EXPENSES: $100 per year

**DEBTS AND CURRENT CHILD SUPPORT OBLIGATION**
N/a

"I am unable to pay court costs in this cast. I verify that the statements made in this affidavit are true and correct".

MICHEAL RALSTON

**UNSWORN DECLARATION**

I, MICHEAL RALSTON, TDCJ #1219556, being presently incarcerated in the Texas Department of Criminal Justice, French M. Robertson Unit in Jones county Texas, declare under penalty pof perjury that the above and forgoing Affidavit of Inability to Pay Costs, is true and correct.

Executed this the 2nd day of _____ , 2015.

MICHEAL RALSTON

```
CSINIB02/CINIB02    TEXAS DEPARTMENT OF CRIMINAL JUSTICE        02/02/15
RB51/RBA2481                IN-FORMA-PAUPERIS DATA               15:36:10
TDCJ#: 01219556 SID#: 06452364 LOCATION: ROBERTSON    INDIGENT DTE:
NAME: RALSTON,MICHAEL                   BEGINNING PERIOD: 08/01/14
PREVIOUS TDCJ NUMBERS:
CURRENT BAL:        7.31 TOT HOLD AMT:        0.00 3MTH TOT DEP:      280.00
6MTH DEP:         460.00 6MTH AVG BAL:       49.03 6MTH AVG DEP:       76.67
MONTH HIGHEST BALANCE TOTAL DEPOSITS    MONTH HIGHEST BALANCE TOTAL DEPOSITS
01/15      76.07          60.00         10/14     105.54          60.00
12/14     144.66         160.00         09/14     105.47          60.00
11/14      95.47          60.00         08/14     103.55          60.00
PROCESS DATE   HOLD AMOUNT    HOLD DESCRIPTION
```

ROBERT BAKER
Notary Public, State of Texas
My Commission Exp 07-09-18

STATE OF TEXAS COUNTY OF Jones
ON THIS THE 2ND DAY OF February, 2015, I CERTIFY THAT THIS DOCUMENT IS A TRUE,
COMPLETE, AND UNALTERED COPY MADE BY ME OF INFORMATION CONTAINED IN THE
COMPUTER DATABASE REGARDING THE OFFENDER'S ACCOUNT. NP SIG:
PF1-HELP PF3-END ENTER NEXT TDCJ NUMBER: _____ OR SID NUMBER:

F.M. Robertson Unit
Law Library